

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| CORNERSTONE ASSURANACE GROUP, INC., ) ) ) Plaintiff, ) ) v. ) ) DANIELLE HARRISON, ) ) Defendant. ) | No. 17-cv-04718 <br><br> Hon. Charles R. Norgle |

## ORDER

Defendant's Motion for Attorney's Fees [38] is denied.

## STATEMENT

Before the Court is Defendant's Motion for Attorney's Fees. Defendant filed her motion after the Court dismissed this case with prejudice [37] as a result of Plaintiff moving for voluntary dismissal [29]. Defendant seeks $43,539.90 in attorney's fees, which the Court denies.

As an initial matter, after this case was dismissed with prejudice, Defendant raises various legal issues, including claims brought in bad faith and the issue of the correct applicable law. The Court is unaware of these issues being raised in prior pleadings. The Supreme Court has provided clear instructions that litigants should not use such motions as collateral litigation. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) (a "request for attorney's fees should not result in a second major litigation."). Nonetheless, the Court addresses the Defendant's arguments below.

Turning to the issue of applicable law, Defendant argues Florida law governs in this dispute. She supports this argument by stating that because Plaintiff Cornerstone is a Florida corporation, the Florida Business Corporation Act governs. Def. Mot. for Att'y Fees at 10. Defendant is wrong; the applicable law is Illinois law.

Because this case is in diversity, the Court applies choice-of-law rules of the forum state—Illinois. Smurfit Newsprint Corp. v. Se. Paper Mfg., 368 F.3d 944, 949 (7th Cir. 2004) (citations omitted). Illinois recognizes express choice of law provisions set forth in a binding contract between parties. Id. "When the parties express that intent (such as through a governing law provision), that express intent is generally recognized." Id. (citation omitted). Here, the operative choice of law provision, as set forth in the Employment Agreement that Defendant signed, states: "This Agreement shall be governed and construed under and in accordance with the laws of the state of Illinois without regard to conflict of law rules." Further, the Agreement states: "Illinois is an appropriate source of law and forum for any disputes regarding this Agreement." Dkt. 1, Ex. A, p. 11. This language makes it clear— Illinois law applies. Therefore, the Court rejects the two arguments Defendant presents asserting that she is entitled to fees under Florida law.

Next, Defendant argues she is entitled to relief under section 5 of the Illinois Trade Secrets Act ("ITSA"), 765 ILCS 1065/5. Section 1065/5 states that if "a claim is made in bad faith … the court may award reasonable attorney's fees to the prevailing party." Defendant cites to Conxall Corp. v. Iconn Sys., LLC, 61 N.E.3d 1081 (Ill. App. 1st 2016) (stating Ill. S. Ct. Rule 137, and caselaw interpreting this rule, are the guiding authority for determining what constitutes bad faith under the statute). "The purpose of Rule 137 is to penalize claimants who bring vexatious and harassing actions and to prevent false and frivolous filings." Id. at 1102. In contrast to the conduct Rule 137 intends to prevent or penalize, the Court does not find any sanctionable actions here. After the lawsuit was filed, Defendant moved to dismiss the suit under Fed. R. Civ. P. 12(b)(6). Dkt. 11. This motion was fully briefed by the parties. Dkt. 11, 16, 17. The Court issued an eleven-page opinion and order, in which the Court explained its reasoning as to why Plaintiff had set forth sufficient allegations to plead a plausible claim under the ITSA. Dkt. 19. At no point during its analysis of the pleadings, and subsequent ruling on the motion to dismiss, did the Court detect a hint of impropriety by Plaintiff. Moreover, Plaintiff voluntarily dismissed this case with prejudice—the Court's reaction to this voluntary dismissal is that it is not one of a vindictive actor.

Accordingly, the Court finds the Defendant's positions are not justified. Thus, the motion for attorney's fees is denied.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: October 18, 2018